```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ARNELL RANSOM                    :      CIVIL ACTION
                                 :
         v.                      :
                                 :
WARDEN AT CURRAN FROMHOLD        :
    et al.                       :      No. 06-cv-2318-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                   February 20th, 2007

Plaintiff Arnell Ransom, a prisoner proceeding *pro se*, brought this § 1983 action, alleging that the correctional officers and medical personnel at the Curran-Fromhold Correctional Facility ("CFCF") did not provide adequate medical treatment for his asthma attack on May 27, 2005. Plaintiff was transferred back to his home institution, SCI-Retreat, shortly after the incident. Plaintiff named as defendants the Warden of CFCF, Correctional Officers Hans and Morrison, "Administrator for: Philadelphia Health Services, at C.F.C.F.," "Nursing Supervisor 3/11 Shift at: C.F.C.F.," "Physition Assistance, 7/3 Shift at: C.F.C.F.," and "Register Nurse 3/11 Nurse at C.F.C.F." The Warden and Officer Hans have appeared in this action, represented by Craig M. Straw, Deputy City Solicitor of Philadelphia. Plaintiff has not been able to serve Officer Morrison and the unnamed nursing personnel defendants.

On November 29, 2006, I ordered counsel for the Warden to

inform plaintiff of the names and addresses of the nursing personnel defendants, within ten days of the date of the order. On December 8, 2006, Mr. Straw sent a letter to the court requesting that I vacate the November 29 Order.  Mr. Straw stated that the nursing personnel were employees of an independent contractor, Prison Health Services; that the Warden "does not possess or maintain a record of the medical personnel working particular shifts" at CFCF; and that the Warden "does not maintain any authority over the inmate's medical records."  Mr. Straw advised that a subpoena must be issued to Prison Health Services in order to obtain plaintiff's medical records.  Mr. Straw further stated that counsel for Prison Health Services, Tracey A. Campbell, had advised him that the medical records and identity of the nursing personnel working on May 27, 2005 could not be obtained within 10 days.  Based on Mr. Straw's representations, I vacated the November 29 Order on January 10, 2007, and directed plaintiff to follow the suggestions set forth in Mr. Straw's letter.

Plaintiff has now filed a filed a "Motion for Extension of Time and to Reconsider Its January 10, 2007 Order," requesting that the January 10 Order be vacated and counsel for the Warden again be ordered to disclose the names of the nursing personnel defendants.  Defendants have not filed a response.  Plaintiff's

motion will be granted.

Following the advice in Mr. Straw's letter, plaintiff served a subpoena on counsel for Prison Health Services, Ms. Campbell, seeking his medical records and the shift records of nursing personnel on duty on May 27, 2005.  On January 15, 2007, Ms. Campbell sent plaintiff a letter acknowledging receipt of the subpoena and stating that she cannot provide him with the records.  Ms. Campbell advised plaintiff to forward the subpoena to the Medical Records Department at CFCF.  Thus, at this juncture, plaintiff has been told by the Warden and the Prison Health Services that neither can provide him with the records he seeks because the records are within the control of the other.  However, the records must be in the control and possession of one of these parties.  Since the Warden presumably has access to the Medical Records Department at CFCF and can determine the identity of nursing personnel admitted into CFCF to work their shifts, I will reinstate the Order of November 29, 2006.

An order follows.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ARNELL RANSOM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WARDEN AT CURRAN FROMHOLD | : | |
| et al. | : | No. 06-cv-2318-JF |

ORDER

AND NOW, this 20th day of February, 2007, upon consideration of plaintiff's unopposed "Motion for Extension of Time and to Reconsider Its January 10, 2007 Order," IT IS ORDERED:

    1.  Plaintiff's Motion is GRANTED.

    2.  The Order of this Court dated November 29, 2006 (Dkt. No. 21) is REINSTATED.

    3.  Counsel of record for the defendant Warden shall, within 10 days, inform plaintiff, by mail, of the names and addresses of the nursing personnel plaintiff is trying to sue (the nursing supervisor, physician assistant and registered nurse who were on duty (on the shifts specified in the caption) on May 27, 2005).

    4.  Within 10 days after being informed of the names and addresses of these nursing personnel, plaintiff shall (if he still wishes to sue them) file with the Clerk's Office additional copies of his amended complaint.

    5.  Within 10 days after these additional copies are

2

provided at the Clerk's Office, defense counsel shall either accept service on behalf of these nursing personnel defendants, or show cause why he is not able to do so.

      6. If defense counsel is unable or unwilling to accept service, the United States Marshal shall promptly effectuate service upon these additional defendants.

BY THE COURT:

/s/ *John P. Fullam*
John P. Fullam,   Sr. J.